IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KEVIN DWAYNE HARPER,

                        Plaintiff,                                  OPINION AND ORDER

        v.
                                                                    23-cv-854-wmc

SUPERIOR HEALTH AND LINEN,

                        Defendant.

Plaintiff Kevin Dwayne Harper, representing himself, claims that defendant Superior Health and Linen wrongfully terminated him in violation of federal law. Because Harper seeks to proceed without having prepaid the full filing fee, the court will screen his complaint and dismiss any portion that is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks money damages from an immune defendant. The court accepts Harper's allegations as true and construes them generously, holding him to a less stringent standard than it would if a lawyer drafted his complaint. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Because the allegations in the complaint are insufficient to establish subject matter jurisdiction, plaintiff will be given an opportunity to file an amended complaint. Failure to do so timely will result in dismissal of this lawsuit for lack of subject matter jurisdiction.

Unlike state courts, a federal district court's subject matter jurisdiction is limited, meaning Congress must have authorized its exercise based on either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. *See Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994) (subject matter jurisdiction may be "raised *sua sponte* by the court at any point in the proceedings"). Thus, with very

limited exceptions inapplicable here, a federal court may only hear a case in one of two situations:   (1) the plaintiff brings a claim that arises under federal constitutional or statutory law;  or (2) the plaintiff and defendant are citizens of different states and the amount in controversy is greater than $75,000.  As an initial matter, plaintiff does not specify how much he is seeking in monetary damages.  Regardless, plaintiff alleges that Superior Health and he are both Wisconsin citizens, so the exercise of diversity jurisdiction is precluded under § 1332.  This leaves only § 1331, meaning that plaintiff may proceed in this court if he is seeking relief under federal law.  Indeed, plaintiff indicates in his complaint that he is suing for a violation of federal law under § 1331.

Unfortunately, plaintiff's complaint does not appear to arise under a federal constitutional provision or statute.  Plaintiff alleges only that he was fired from his job at Superior Health on September 8, 2022, for "causing a hostile work environment," but when he applied for unemployment, Superior Health falsely reported that he had "left without completing [his] work for the day which was not the case."  (Dkt. #1 at 2-3.) Plaintiff further alleges that to the extent he left early the day before for a dental appointment, Superior Health is generally "a stressful workplace due to lack of communication [and] poor training."  (*Id.* at 3.)

Although plaintiff alleges that this all amounts to wrongful termination, he does not also allege, nor can the court reasonably infer, that defendant is a state actor who violated his constitutional rights nor that his termination was prohibited by federal law, such being fired in retaliation for filing a discrimination complaint, or because of his disability, race, religion, national origin, age, or sex. *E.g.*, Title VII of the Civil Rights Act of 1964, 42

2

U.S.C. §§ 2000e–2000e-17; the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634; the Americans with Disabilities Act, 42 U.S.C. §§ 12111–12117.

Because plaintiff has not shown any basis for the exercise of *federal* subject matter jurisdiction over his claim, it cannot proceed in federal court. However, it may be that plaintiff, in representing himself, has failed to plead essential facts that implicate federal constitutional or statutory rights. Before dismissing this action for lack of subject matter jurisdiction, plaintiff will be given 21 days to file an amended complaint, if he can do so in good faith, that the court will screen.

### ORDER

IT IS ORDERED that plaintiff may have until February 23, 2024, to file an amended complaint. If plaintiff does not file an amended complaint by that deadline, this lawsuit will be dismissed for lack of subject matter jurisdiction.

Entered this 1st day of February, 2024.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3